IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Ervan M. Harvey, Jr., #13003-171, | ) | C/A No. 9:11-0096-MBS |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| John Owens, Warden FCI Williamsburg, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

    Petitioner Ervan M. Harvey, Jr. is an inmate in custody of the Federal Bureau of Prisons. Petitioner, appearing *pro se*, filed the within action pursuant to 28 U.S.C. § 2241 on January 13, 2011. Petitioner contends that he is "actually innocent" of being an armed career criminal because failing to stop for blue light no longer is considered to be a violent felony for the purposes of the Armed Career Criminal Act. *See United States v. Rivers*, 595 F.3d 558 (4th Cir. 2009)

    In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bristow Merchant for pretrial handling. On January 26, 2011, the Magistrate Judge issued a Report and Recommendation in which he noted that the relief requested by Petitioner is available, if at all, under 28 U.S.C. § 2255. The Magistrate Judge further noted that Petitioner has previously filed for relief under § 2255, and thus Petitioner must seek leave from the Court of Appeals for the Fourth Circuit to file a successive motion under § 2255. Accordingly, the Magistrate Judge recommended that Petitioner's § 2241 petition be summarily dismissed. Petitioner filed objections to the Report and Recommendation on February 4, 2011.

    The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court.

*Mathews v. Weber*, 423 U.S. 261, 270 (1976). The district court has the responsibility of making a *de novo* review of the Report and Recommendation of the Magistrate Judge, and may accept, reject, or modify, in whole or in part, the recommendations made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. §636(b)(1).

## DISCUSSION

Petitioner contends that "[w]hile petitioner's prior convictions have not been declared invalid per-se, The [sic] Supreme Court has declared them invalid as A.C.C.A. predicate offenses, and thus invalid as applied to petitioner's § 924(e) conviction. Thus making petitioner actually innocent of being an A.C.C.A." Pet. Obj. at 5. Petitioner contends that § 2255 is inadequate and ineffective to test the legality of his sentence and that he meets the requirements for bringing a claim under § 2241. The court disagrees.

The Fourth Circuit has held that the a prisoner may pursue traditional habeas relief under § 2241 when it appears that the remedy allowed by § 2255 is inadequate and ineffective to test the legality of the prisoner's detention. Under the § 2255 "savings clause," § 2241 may be used to attack a federal conviction when: 1) at the time of conviction, settled law of the Fourth Circuit or the Supreme Court established the legality of the conviction; 2) subsequent to the prisoner's direct appeal and first § 2255 motion the substantive law changed such that the conduct of which the prisoner is convicted is deemed not to be criminal; and 3) the prisoner cannot satisfy the gate keeping provisions of § 2255 because the new rule is not one of constitutional law. *In re Jones*, 226 F.3d 328, 333-34 (2000). In this case, the substantive law has not changed such that the conduct underlying Petitioner's conviction for being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1), 924(a)(2), and 924(e), is now "deemed not to be criminal." Thus, Petitioner is not "actually innocent" of the charges for which he was convicted.

Petitioner essentially contends that he is "actually innocent" of a sentencing enhancement. However, the Fourth Circuit has confined the § 2255 savings clause and *In re Jones* to the underlying offense of conviction. As the Magistrate Judge correctly found, Petitioner's claim is not one which can be brought under § 2241. *See James v. Stansberry*, Civil Action No. 3:10cv380, 2011 WL 2471034 (E.D. Va. June 20, 2011) (stating that a successive § 2255 claim seeking a ruling that the petitioner is not an armed career criminal because a conviction for failure to stop for a blue light is not a predicate offense does not invoke the savings provision of § 2255, cannot be brought under § 2241, and must be dismissed).

Petitioner must seek permission from the Fourth Circuit to file a successive motion under § 2255. The court therefore declines to address Petitioner's remaining objections.

## CONCLUSION

The court adopts the Report and Recommendation and incorporates it herein by reference. Plaintiff's § 2241 petition is summarily dismissed without prejudice and without requiring Respondent to file an answer or return.

**IT IS SO ORDERED.**

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

August 17, 2011

### NOTICE OF RIGHT TO APPEAL

**Petitioner is hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**